**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAN PING YE, | No. 11-72947 |
| Petitioner, | Agency No. A200-823-189 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2014[**]
Seattle, Washington

Before: KLEINFELD, TASHIMA, and MURGUIA, Circuit Judges.

Yan Ping Ye petitions this court for review of the denial of her application

for asylum, withholding of removal, and relief under the Convention Against

Torture. Her application was denied by an immigration judge who found her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

testimony incredible primarily because of an inconsistency in the reasons she gave for her arrival in the United States. The Board of Immigration Appeals adopted and affirmed the decision of the immigration judge ("IJ"), citing Matter of Burbano, 20 I. & N. Dec. 872 (BIA 1994), as well as providing its own review of the law and facts.

We have jurisdiction over this appeal under 8 U.S.C. § 1252 and review the IJ and the BIA's findings of credibility for substantial evidence. See Ali v. Holder, 637 F.3d 1025, 1028 (9th Cir. 2011); Rizk v. Holder, 629 F.3d 1083, 1087 (9th Cir. 2011). Because the findings are supported by substantial evidence, we deny the petition.

Upon arrival at the San Francisco airport, Ms. Ye told an immigration officer she came to the United States to learn English, find a job, and see family. When asked, Ye denied having any problems with the Chinese government or having been arrested in China. But in her application for relief, and during her hearing before the IJ, Ye said she was detained by police in China for attending a house church and that the police beat her, burned her arm with hot water, and insisted that she separate from the unauthorized church.

When asked to explain the discrepancy, Ye said that a snakehead had advised her to lie about her reasons for leaving China, lest the Chinese government

2

find out and punish her more severely. The IJ found it highly implausible that a smuggler would advise Ye to say precisely the wrong thing to gain entrance into the U.S., or that Ye would follow this advice. She acknowledged that she knew one could not simply come to the United States, study, visit relatives, and stay here to live. Because the IJ provided a "specific, cogent reason for disbelieving the alien's rationalization," the inconsistency was a proper basis for the adverse credibility finding. Id. at 1088 ("[I]f the alien fails to provide a plausible explanation, the IJ may properly rely on the inconsistency as support for an adverse credibility determination.").

The IJ also found it implausible that, of the twenty people attending the church service in a small building, only Ye would have been apprehended by the police, or that water poured on her from above would have burned only her inner arm. Contrary to Ye's suggestion, the IJ's findings were not based on pure speculation. Ye was questioned in some detail about the size and configuration of the building, and about how she and the police officer were positioned so that water would only splash her inner arm. The plausibility findings were made in light of this evidence, and Ye's inadequate responses did not disturb that finding.

Taken together, these discrepancies in Ye's testimony were a permissible basis for the IJ's adverse credibility finding. See Liu v. Holder, 640 F.3d 918, 926

3

(9th Cir. 2011) (holding that an inconsistent statement made during airport interview, together with improbable and inadequate explanations for two other discrepancies, supported an adverse credibility determination).

Ye also argues that the IJ improperly relied on the statements she initially gave to immigration officers, because airport interviews are unreliable credibility evidence and because the interview itself was not entered into the record. But, as Ye testified, she was questioned under oath by an officer who spoke Chinese and whom she understood. Ye also stated that everything in her asylum application had been translated into Mandarin for her, that the application was true, and that she did not wish to change or add anything to it. While we have at times "hestitate[d] to view statements given during airport interviews as valuable impeachment sources," here, Ye herself testified to the content of her airport statements during the hearing. She was given ample opportunity to clarify the answers she gave the airport officials, explain what conditions made the statements unreliable, and testify to any other relevant information pertaining to the interview that was not already in the record. See Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir. 2004) (holding IJ permissibly relied on airport statements in part because petitioner had "affirmatively denied any mistreatment by the Chinese Government," denied ever being arrested, and stated he left China for financial reasons); Liu, 640 F.3d at

923 (explaining that the IJ could use airport interview transcript to impeach alien's testimony because an interpreter was present and alien was given opportunity to clarify her answers). The IJ did not err by relying on the airport statements as impeachment evidence. See Li, 378 F.3d at 963.

Without credible testimony, Ye has not carried her burden of proving she was eligible for asylum or entitled to withholding of removal.[1] See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). Nor did she establish that she will more likely than not be subject to torture upon return to China. See id. at 1157.

Petition **DENIED**.

---

[1] Petitioner suggests in her brief to us that the IJ erred by failing to review the affidavits submitted by her father and church friends corroborating her account. Unfortunately, Ye failed to alert the IJ or the BIA to the issue, leaving us without jurisdiction to review the unexhausted claim. See 8 U.S.C. § 1252(d)(1). Cf. Mutuku v. Holder, 600 F.3d 1210, 1213 (9th Cir. 2010) (holding that issue was exhausted, even though not presented to the BIA, because petitioner argued it before the IJ and the BIA adopted the IJ's decision, citing Matter of Burbano).